1  LAW OFFICES OF PANOS LAGOS
   Panos Lagos, Esq. / SBN 61821
2  5032 Woodminster Lane
   Oakland, CA 94602
3  (510)530-4078
   (510)530-4725/FAX
4  panoslagos@aol.com

5  Attorney for Plaintiff,
   OSCAR JULIUS GRANT, JR.
6

7

8                 UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10 OSCAR JULIUS GRANT, JR.,          )  Case No.: **C09-04014**
                                     )
11            Plaintiff,             )
                                     )
12 v.                                )  COMPLAINT FOR VIOLATION OF CIVIL
                                     )  RIGHTS AND DAMAGES
13 BAY AREA RAPID TRANSIT DISTRICT   )
   (BART); GARY GEE, in his official capacity )  JURY TRIAL DEMANDED
14 as CHIEF OF POLICE for BART;      )
   JOHANNES MEHSERLE, individually and )
15 in his official capacity as a police officer for )
   BART; ANTHONY PIRONE, individually )
16 and in his official capacity as a police officer )
   for BART; MARYSOL DOMENICI,       )
17 individually and in her official capacity as a )
   police officer for BART; and DOES 1-50, )
18 inclusive,                        )
                                     )
19            Defendants.            )
                                     )
20 _____

21              **INTRODUCTION**

22      This case arises out of the unlawful detention, arrest, assault and wrongful death of

23 twenty two year old, Oscar J. Grant III, at the hands of several Bay Area Rapid Transit District

24 Police Officers during the early morning hours of New Year's Day 2009.

25                 **PARTIES**

26      1.      Plaintiff herein, OSCAR JULIUS GRANT JR., is, and at all times herein

27 mentioned was citizen of the United States. Plaintiff is the surviving father of decedent, OSCAR

28 J. GRANT III.

COMPLAINT
(GRANT v. BART, et al.)                                    - 1 -

2.      Defendant BAY AREA RAPID TRANSIT DISTRICT ("BART") is a governmental entity, duly organized and existing under the laws of the State of California. BART operates the BAY AREA RAPID TRANSIT DISTRICT POLICE DEPARTMENT ("BART PD").

3.      At all times herein mentioned defendant, GARY GEE ("CHIEF GEE") was the CHIEF OF POLICE for BART. Defendant, CHIEF GEE, is sued herein in his individual and official capacity as the CHIEF of POLICE for BART.

4.      At all times mentioned herein, defendant JOHANNES MEHSERLE was an employee of BART. He is being sued individually and in his official capacity as a POLICE OFFICER for BART.

5.      At all times mentioned herein, defendant ANTHONY PIRONE was an employee of BART. He is being sued individually and in his official capacity as a POLICE OFFICER for BART.

6.      At all times mentioned herein, defendant MARYSOL DOMENICI was an employee of BART. She is being sued individually and in her official capacity as a POLICE OFFICER for BART.

7.      Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES *1-50,* inclusive, when they have been ascertained.

8.      DOES I through 25, inclusive, are police officers employed by defendant BART acting within the course and scope of their employment by defendant BART, and were directly involved in the detention, arrest and wrongful death of decedent. DOES 26 through 50, inclusive, are defendant police officers employed by defendant BART, acting within the course and scope of their employment by defendant BART, were employed in a supervisory capacity by defendant BART an were responsible in some manner for properly and adequately hiring, retaining,

supervising disciplining, and training defendant police officers employed by BART in the proper and reasonable making of detentions and arrests.

## STATEMENT OF FACTS

9.      During the early morning hours of January 1, 2009, Oscar J. Grant III was riding Bay Area Rapid Transit District train ("Train") back to the east bay after a night of celebrating New Year's Eve in San Francisco. He was accompanied by the mother of his four-year-old child, Ms. SOPHINA Mesa and several other friends and acquaintances.

10.      At or about the Lake Merritt BART Station, an altercation broke out on the Train. The altercation lasted for only a couple of hectic minutes and was punctuated by a brief exchange of pushing and shoving. There is no evidence that physical injuries or acts of vandalism occurred during the course of the altercation. Unbeknownst to the Train's passengers, several BART police officers were dispatched to meet the train at the Fruitvale BART Station and quash the altercation. However, the Train was peaceful when it arrived at the Fruitvale BART Station.

11.      When the Train pulled into the Fruitvale BART Station platform, its doors opened and many of its passengers disembarked. The Train remained with its doors open on the platform for several minutes. Several BART Police Officers, including, but not limited to, Officers Johannes Mehserle, Anthony Pirone and Marysol Domenici made their way onto the Station's platform.

12.      While the Train was stopped and without knowledge of any particularized fact identifying anyone as having been involved with the altercation and without seeing anyone engage in criminal activity, Officer Pirone approached the Train's window and immediately pointed his taser at Mr. Grant and his friend, Mr. Michael Greer (Mr. Grant and Mr. Greer are 22 year old African American men). He began cursing at them and ordered them to get off the Train. As Mr. Grant and Mr. Greer exited the Train, Officer Pirone grabbed Mr. Greer by his hair and violently threw him to the ground, causing a deep gash across the bridge of his nose. Officer Pirone next walked over to Mr. Grant grabbing him and walked him to a retaining wall where three other young men, all of whom were either African American or Mexican American were

being detained by Bart Officer Domenici and Does 1 through *25.* As the men, including Mr. Grant, were standing near the retaining wall, Officer Pirone threatened to tase each of them in the face if they did not comply with his orders. Additionally, an unknown Doe Officer directed a racial slur at one of the young men. At. the time of his detention and threats with the taser Officer Pirone had not seen these young men commit a crime nor did he have any information that they had committed a crime.

13.     As Mr. Grant and his friends were standing, sitting and/or kneeling near the retaining wall they began verbally questioning their detention and the Officers' abusive conduct. One or more yet to be identified Officers. began handcuffing the young men despite not being aware of any information identifying Mr. Grant or any of the other young men as being involved in the reported altercation. Officer Domenici got in the face of the young men and repeatedly pointed her taser at them threatening to tase them in the face. Mr. Grant continued to question the reason for his detention and the use of threats made against him by the Officers. Neither Mr. Grant nor any of the other young men acted in a physically aggressive manner toward Officer Domenici. At the time that she was threatening to use her taser, the men had committed no crime.

14.     As Mr. Grant and the others were protesting their detention, Officer Pirone rushed over to where Mr. Grant was standing and aggressively assaulted him. Officer Pirone's unwarranted and unjustified assault caused Mr. Grant to drop to his knees where he immediately put his hands up to demonstrate that he was submitting to Officer Pirone. Officer Pirone proceeded to forcefully push Mr. Grant face down toward the pavement while threatening to taser him. Officer Pirone knelt down and dug his knee into Mr. Grant's upper back and neck thereby pushing Mr. Grant's face into the pavement. Mr. Grant cried out by telling Officer Pirone he was hurting him and that he had a four-year-old daughter and asked Officer Pirone not to tase him.

15.     Officer Mehserle, who was standing nearby when Officer Pirone was taking Mr. Grant to the ground, kneeled down and restrained Mr. Grant's hands while Officer Pirone pinned Mr. Grant face down on the ground. Officer Mehserle stood up, drew his firearm and pointed it

directly at Mr. Grant's back and without justification or provocation fired a single shot from his weapon into Mr. Grant's back as he lay face down on the platform. Mr. Grant was unarmed; his hands were behind his back and he was not posing a threat to Officer Mehserle when he was shot. Mr. Grant died from the gunshot hours later at a local hospital.

16.     After Mr. Grant was shot, he was immediately handcuffed and left to lie on the ground mortally wounded without the benefit of emergency medical care. Mr. Grant's friends repeatedly asked the Officers to administer first aid and call an ambulance. None of the assembled BART Police Officers attempted to render first aid. Instead, one or more of the BART Officers told the young men to "shut the fuck up" and warned them that they better be quiet or the Officers would not call an ambulance for Mr. Grant.

17.     Within moments of the shooting, BART Police Officers immediately began seizing witnesses' cameras and other recording devices. The officers arrested the other young men on the platform. They were placed in handcuffs and taken to the BART Police Station against their will. They were forced to. remain handcuffed and in custody for over 5 hours before they were released. To date, no criminal charges have been filed against the young men.

18.     Plaintiff is further informed and believes and thereon alleges that decedent's death was a foreseeable harm resulting from defendants' failure to exercise the duty of care owed to decedent, both by their unlawful detention, illegal arrest and intentionally using deadly and excessive force against the decedent.

19.     The above-described intentional and/or negligent conduct by defendants was a factual and proximate cause of decedent's death and plaintiff's damages.

20.     Plaintiff is informed and believes and thereon alleges that Defendant BART by and through its supervisory employees, and agents, CHIEF GEE, and DOES 26-50, inclusive, has and had a mandatory duty of care to properly and adequately hire train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to detainees. With deliberate indifference, BART and DOES 1-50, inclusive, failed to take necessary, proper, and/or adequate measures to prevent the violation of decedent's and plaintiffs rights.

a.     Plaintiff is informed and believes and thereon alleges that on the night of Mr.

Grant's death a non-professional relationship existed between one or more of the BART Officers on the scene at the Fruitvale station when Mr. Grant was shot and killed and that this non-professional relationship may have contributed to the unlawful detention, assault, arrest and shooting death of Mr. Grant.

b.     Plaintiff is informed and believes and thereon alleges that BART by and through Chief Gee and one or more of his command officers, particularly the assignment officer(s) were aware of this relationship yet made no effort to alter their assignment so that their work as BART police officers would not be compromised.

c.     Plaintiff is informed and believes and thereon alleges that this practice of assigning individuals together who have a non-professional relationship was deliberately indifferent to the constitutional rights of Mr. Grant and others.

21.   Plaintiff is informed and believes and thereon alleges that BART and CHIEF GEE, an DOES 26-50, inclusive, breached their duty of care to the public in that they failed to adequately train, supervise, and discipline their police officers in the proper making of detentions, arrests and us of force. This lack of adequate supervisorial training demonstrates the existence of an informal custom, policy, or practice of promoting, tolerating, and/or ratifying with deliberate indifference the continued making of unlawful detentions, arrests, and use of excessive and/or deadly force against detainees, including plaintiff's decedent by police officers JOHANNES MEHSERLE, ANTHONY PIRONE, MARYSOL DOMENICI and DOES 1-50 inclusive, employed by defendant BART.

## DAMAGES

22.     As a consequence of Defendants' violation of Plaintiffs federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiff OSCAR JULIUS GRANT JR. was mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs loss of familial relations.

23.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C.

§§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

### (Violation of Plaintiff's Civil Rights to Familial Relationship)

### (42 U.S.C. §1983)

24.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25.     Defendants, acting under color of state law, and without due process of law, deprived Plaintiff of his right to a familial relationship by seizing decedent, his only child, by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiff of his right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

26.     Plaintiff hereby demands a jury trial in this action.

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT
(GRANT v. BART, et al.)                                                                - 7 -

## **PRAYER**

WHEREFORE, plaintiff prays for relief as follows:

1.    For general damages in a sum according to proof;

2.    For punitive damages and exemplary damages in amounts to be determined according to proof as to defendant BART Police Chief, defendant police officers and/or DOES 1 —25 and/or each of them;

3.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

4.    For costs of suit herein incurred; and

5.    For such other and further relief as the Court deems just and proper.

Dated: August _28_, 2009                                    LAW OFFICES OF PANOS LAGOS

Panos Lagos, Esq.
Attorney for Plaintiff,
OSCAR JULIUS GRANT, JR.